IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO. 1:97-cr-00006-MP

THOMAS JOSEPH SHEPPARD,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Motion to Reduce Sentence (Re: Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582) by Thomas Joseph Sheppard, Doc. 20. Mr. Sheppard does not argue that his sentence should be reduced under the Sentencing Guidelines changes relating to crack cocaine. Instead, he argues that his sentence should be reduced because of amendments to the Guidelines concerning the calculation of criminal history categories that were also adopted on November 1, 2007.

Under 18 U.S.C. § 3582(c), a sentencing Court may reduce an already-imposed sentence based on an amendment to the Sentencing Guidelines in certain situations. Specifically, § 3582(c) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),[1] upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent

---

[1] 28 U.S.C. § 994(o) requires the Commission to "periodically . . . review and revise . . . the guidelines."

with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, the United States Sentencing Commission amended some of its criminal history calculations. With effective dates of November 1, 2007, it was clear that these Amendments would apply to those sentenced after that time. However, the question immediately arose whether these Amendments should be applied retroactively to sentences imposed before November 1, 2007. Pursuant to 18 U.S.C. § 3582(c), such retroactive application is only proper if (1) the defendant's sentencing range has subsequently been lowered by the Sentencing Commission; (2) the reduction is consistent with the factors set forth in section 3553(a) to the extent they are applicable; and (3) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, Mr. Sheppard's criminal history category would be precisely the same if it were calculated today, with the current Guidelines. Several of the objections he raises in the present motions, such as certain crimes being too far in the past or too minor to be counted towards his criminal history, he also raised at the time of his original sentencing, and were litigated then. The minor offenses that he claims should not have caused him to gain criminal history points still count for points under the current system. Mr. Sheppard would still be categorized as a violent career criminal under the current system.

Because Mr. Sheppard's sentencing range has not been lowered by the Sentencing Commission by the operation of any amendment since his original sentencing, the Court need not analyze whether a reduction would be consistent with the factors set forth in the Guidelines or whether a reduction would be consistent with policy statements issued by the Sentencing Commission. Instead, the fact that his criminal history category, and therefore his sentence, would be the same if calculated under the most current Guidelines is dispositive. Accordingly,

*Case No: 1:97-cr-00006-MP*

the Motion to Reduce Sentence, Doc. 20, is DENIED.

**DONE AND ORDERED** this  *3rd* day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge